## In re WILDER et al.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. WATERS AND WATER COURSES—PUBLIC HIGHWAY—LIMITATION OF USE—STATUTE.

Laws 1903, p. 1240, c. 565, declaring Deer river and its tributaries a public highway for the purpose of floating logs and timber, providing for the appointment of commissioners to appraise damages of the "riparian owners" thereof, to be made on petition of any person or corporation desiring to use the stream as a public highway, and that on the confirmation of the report of the commissioners those desiring to use the stream shall pay or tender to persons to whom damages are awarded the amount, and "thereupon shall have the right to use" the stream as a public highway, is not invalid as limiting the user to the petitioners.

**2. SAME—RIPARIAN OWNERS—BED OF STREAM—OWNERSHIP—PRESUMPTION.**
        The contention that the act is invalid in that it only provides for the
    award of damages to "riparian owners," not including damages which
    may inure to owners of the bed of the stream independent of riparian
    ownership, is without merit, in the absence of proof in the record indi-
    cating title in any one to the bed of the stream distinct from that which
    is incidental to the riparian title, the presumption being that riparian
    proprietors own the land over which the water flows.

**3. SAME—PROCEEDINGS TO ASSESS DAMAGES—PARTIES DEFENDANT.**
        Prior to the passage of Laws 1903, p. 1240, c. 565, declaring Deer river
    and its tributaries a public highway, and the institution of a proceeding
    thereunder, a like proceeding was commenced in accordance with the
    navigation law (Laws 1897, p. 703, c. 592, § 72, as amended by Laws
    1902, p. 1789, c. 613). Few of the riparian owners answered, and judg-
    ment was entered against those that did not answer, while an order of
    discontinuance was entered as to those answering. The proceeding under
    the act of 1903 was commenced against those answering in the previous
    proceeding, but those against whom judgment was rendered were not
    made parties in the new application. *Held*, that a contention that all
    must be brought into the new proceeding is without merit.

Appeal from Special Term, Lewis County.

Proceedings for the appointment of commissioners to assess dam-
ages to riparian owners along Deer river. From an order appointing
commissioners, certain owners appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

A. E. Kilby and W. A. Porter, for appellants.
C. S. Mereness, for petitioning respondents.

SPRING, J. The respondents presented their petition to the Su-
preme Court asking for the appointment of commissioners to assess
the damages of certain riparian owners along Deer river and its
tributaries, in pursuance of chapter 565, p. 1240, Laws 1903, and the
order appealed from appointing such commissioners was granted.
The act upon which the proceeding was based is entitled "An act
declaring Deer river, and its tributaries, in the towns of Montague,
Pinckney and Denmark, in the county of Lewis, a public highway,
and providing for the assessment and payment of damages to riparian
owners thereon." Section 1 declares Deer river and its tributaries
"a public highway for the purpose of floating logs, timber, lumber and
other products of the forest down said stream." Section 2 provides
for the appointment of commissioners to appraise damages "of the
riparian owners of said stream," to be made upon the petition of "any
person or corporation desiring to use said stream and tributaries as
a public highway." The section, in defining the effect of the confirma-
tion of the report of the commissioners, adds:

"Upon the confirmation of such report, the person or persons, corporation
or corporations desiring to use said stream and tributaries for the purposes
aforesaid, shall pay or tender to the persons and corporations to whom dam-
ages are rewarded, the amounts awarded respectively, and thereupon shall
have the right to use said stream and tributaries as a public highway."

The appellants appeared in opposition to the granting of the order
attacking, among other things, the validity of the act mentioned. It
is apparent that it was the scheme of the Legislature to constitute this

water way a public highway for the transporting of logs and timber. It was at the instance of the interested petitioners, and doubtless largely for their benefit; but the fact that it established the river as a public highway is not incompatible with the proposition that the benefits of the act may exclusively accrue to these petitioners. Matter of Burns, 155 N. Y. 23, 49 N. E. 246. The language of the act that upon the payment of the damages awarded those paying "thereupon shall have the right to use said stream and tributaries as a public highway" is not designed to limit the user to the petitioners, but to fix the time when such user may commence. It is to be noted also that such use is as a public highway, which precludes an appropriation by the petitioners alone. The damages awarded, while paid by those directly benefited, are upon the assumption that the stream is a public highway, and are the full measure of compensation to which the riparian owners are entitled, whoever may avail themselves of the privilege of floating logs down the stream. However a public highway may come into existence, when once established there is no limitation of its use to certain individuals. If so, it is not a public highway. The framework of the act is founded upon the constitution of the stream as a public highway, and that is recognized in the clause referred to as well as throughout the entire act. The act itself closely follows in its title and context chapter 338, p. 367, Laws 1896, which was passed for a like purpose with the one under review, and the constitutionality of that act was upheld in the Matter of Burns, 155 N. Y. 23, 49 N. E. 246. The only distinction between the two acts is the clause quoted, designed to designate the date when the petitioners may commence floating logs.

It is further contended that the act is invalid in that it only provides for the award of damages to riparian owners, not including damages which may inure to owners of the bed of the stream independent of riparian ownership. The act in this particular is identical with the one after which it is patterned, although the present one provides for a service of a copy of the petition on occupants as well as owners. While no discussion of this alleged defect seems to have been had in the Burns Case, yet the analysis of the act in that opinion was solely for the purpose of determining as to its legality. The expression "riparian owner" in its ordinary and popular signification carries with it the title to the center of the nonnavigable stream upon which his land abuts. The supposition is that the title of an abutting owner on any highway extends to the center of such highway. If damages were to be appraised to those injured by reason of any unusual appropriation of the highway, a requirement that owners along the same should be notified of any application for the ascertainment of damages, we assume, would be entirely adequate. In the present proceeding, while this objection is presented, there is no proof in the record indicating title in any one to the bed of the stream, distinct from that which is incidental to the riparian title. That being so, we have a right to assume, until the contrary appears, that the term "riparian owner" embraces the title to the land over which the water flows. This is also the legal presumption. Ex parte Jennings, 6 Cow. 518, note, 16 Am. Dec. 447, cited approvingly in De Camp v. Thomson, 16 App.

Div. 528–532, 44 N. Y. Supp. 1014; Wilcox v. Bread, 92 Hun, 9, 37 N. Y. Supp. 867, affirmed on opinion below 157 N. Y. 713, 53 N. E. 1133; Am. & Eng. Ency. of Law [2d Ed.] p. 828. In Brewster v. Rogers Co., 42 App. Div. 343, 59 N. Y. Supp. 32, the court held that the act, chapter 363, p. 720, Laws 1893, was unconstitutional, for the reason that no provision was made for the payment of damages to the owners of the bed of the stream. That act, however, made no provision at all for the ascertainment of damages to any one. It was sought to uphold it by construing it in connection with the general statute, chapter 533, p. 752, Laws 1880, as amended by chapter 483, p. 621, Laws 1897, which did provide for assessing damages, but not distinctly to the owners of the bed of the stream. The Appellate Division held that the failure of the general act and of the special act of 1893 to provide compensation for the bed of the stream rendered it nugatory. The Court of Appeals (169 N. Y. 73, at page 78, 62 N. E. 164, 58 L. R. A. 495), in affirming the judgment, declined to pass upon that objection, but affirmed upon other grounds. The action was for damages caused by the defendant in damming up the river to hold his logs and then letting out the water in such quantities that it injured the dam and sawmill of the plaintiff, the riparian owner. The river had long been a public highway, and the damage was caused by the extra volume of water which the defendant had accumulated and discharged upon the plaintiff's property. The case was decided in the Court of Appeals on the ground that an action would lie, and the damages were not necessarily to be ascertained by condemnation proceedings. It also declared that the act was invalid, because the person intending to float logs in the stream was permitted to give a bond indemnifying those sustaining loss by reason of the use of the river by him pursuant to the act; that is, that the riparian owner was not certain to obtain the compensation to which he was entitled by reason of the appropriation of the river. In Matter of Thomson, 86 Hun, 405, 33 N. Y. Supp. 467, affirmed on opinion below in 147 N. Y. 701, 42 N. E. 726, and De Camp v. Dix, 159 N. Y. 436, 54 N. E. 63, the acts construed only provided for compensation to the owners of booms or dams upon the stream, and are not applicable to the question now under consideration.

We have in this case, as already intimated, the bare suggestion that the title of the bed of the stream may be disconnected from the ownership along its bank. If that appears, perhaps the question may be a troublesome one, but it is not as now presented. A like proceeding was commenced in the Supreme Court for the assessment of damages under the condemnation law, in accordance with section 72 of the navigation law (Laws 1897, p. 703, c. 592), as amended by chapter 613, p. 1789, Laws 1902. There were 313 riparian owners. Three hundred did not answer, and the court at Special Term allowed judgment against those in default, and an order of discontinuance as to those answering upon payment of costs by the petitioners. After the passage of the act of 1903, the present proceeding was commenced against those answering in the previous proceeding, but those against whom the judgment was entered were not made parties in the new application. The present defendants insist that all must be brought in.

A valid judgment appointing commissioners and providing for the assessment of damages is in force effective to award compensation to those owners, and they are not seeking to be relieved therefrom. In the two proceedings all the damages can be ascertained, and we can see nothing equitable in the contention of the present defendants if their rights are assured to them, either by dismissal of the petition or by the award of damages to them. They have little interest in the rights of other riparian owners. If the proceeding culminating in the appointment of other commissioners is ineffective to establish the stream a public highway, then the petitioners are the sufferers, not the appellants. There is no legal objection to the mode adopted. City of Johnstown v. Wade, 30 App. Div. 5, 51 N. Y. Supp. 763, appeal dismissed 157 N. Y. 50, 51 N. E. 397; Brooklyn El. R. R. Co. v. Nagel, 75 Hun, 590, 27 N. Y. Supp. 669, affirmed 150 N. Y. 562, 44 N. E. 1121.

If the petitioners had obtained consents or releases in due form from the 300 petitioners who were parties to the former proceeding as to all damages which they might sustain by reason of the appropriation of the river, we assume it would not be necessary to serve notice of the application upon them. The defendants would have no interest or concern in that matter. We think the order should be affirmed, with costs.

Affirmed, with costs. All concur.