## TRIPP v. RICHTER.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. EVIDENCE (§ 460*)—CONSTRUCTION OF DEED—PAROL EVIDENCE.

Where a deed to land bordering on a pond owned by the grantor made no reference to the pond and the description contained therein excluded the pond, oral statements of the grantor that the grantee could have the use of the pond and the boating thereon, and that the boundaries took in a small portion thereof, did not give the grantee any interest in the pond, since conversations and agreements leading up to the making of a deed are deemed merged in the written contract, and the boundaries could not be extended by parol evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. § 460.*]

2. WATERS AND WATER COURSES (§ 137*)—TRESPASSES.

Where the owner of land bordering on a lake or pond owned no part of the pond, she did not gain any rights therein as against the owner of the pond by going thereon from time to time for her own pleasure, as continuing intermittent trespasses without the assertion of right give no rights to a trespasser, and do not constitute adverse possession.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 149; Dec. Dig. § 137.*]

3. WATERS AND WATER COURSES (§ 155*)—CONVEYANCES—APPURTENANCES.

Where an owner of land on which was a lake or pond conveyed a portion of it bordering on the pond, the grantee did not acquire any rights in the pond under the rule that, where an owner of land by artificial arrangement has effected an advantage for one portion to the burdening of another upon the severance of the ownership, the holders of the two portions take them, respectively, charged with the servitude and entitled to the benefit, openly and visibly attached at the time of the conveyance.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 161–166; Dec. Dig. § 155.*]

4. WATERS AND WATER COURSES (§ 109*)—RIGHTS OF OWNERS.

 A person owning a small portion of one end of a pond did not have a right in common with the other owners in the whole pond.

 [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 118, 119, 121; Dec. Dig. § 109.*]

Appeal from Trial Term, Warren County.

Action by Mattie Tripp against Henry Richter. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John H. Cunningham, of Glens Falls (Andrew J. Nellis, of Albany, of counsel), for appellant.

Jenkins & Barker, of Glens Falls (J. A. Kellogg, of Glens Falls, of counsel), for respondent.

WOODWARD, J. This action was brought to recover damages for trespasses committed by the defendant by rowing, bathing, and fishing in the waters of Tripp pond, in the town of Warrensburgh, Warren county, in the summer of 1910. The complaint alleges that at the time of the trespasses complained of the plaintiff was the owner and in possession of that portion of Tripp pond which lies northerly of the lands of Mary J. Tennyson, and that on divers dates, the defendant wrongfully entered upon the premises, and rowed, fished, and bathed therein, to her damage. The answer contains a denial of each allegation of the complaint, and sets up four separate defenses, all of which have either been abandoned or overruled by the determination of the court at the trial without a jury. Judgment has been entered for one dollar damages, with the costs of the action, and the defendant appeals from the judgment. The record contains no case.

[1] Great lot No. 80 in Hyde township, in the town of Warrensburgh, Warren county, is divided into four practically equal parts. Tripp pond is located in the east half of this great lot, and is about one-half mile long and one-eighth to one-quarter of a mile in width. The easterly half of this great lot is known upon the maps as parcels or subdivisions 3 and 4, and the plaintiff claims, and the evidence warrants the claim, that she is the owner of all of the pond with the exception of a small portion at the southerly part thereof, which lies within the limits of lands owned by Mary J. Tennyson, whose father has a life lease of the same. The Tennysons own the lands bounding the pond on the south and east, but, with the exception of the small portion on the extreme southerly limit of the pond, the waters of the pond are clearly excluded in the deeds under which they hold the lands, and there does not appear to be any serious contention that the plaintiff is not the owner of the lands underlying this pond. The defendant does not contend that he has not rowed, fished, and bathed in this pond, but he urges a right to do so as the guest of Louisa F. Wilsey, who purchased 109 acres of land of Andrew D. Tripp, plaintiff's predecessor in title, bordering upon this pond,

and it is claimed that in the negotiations leading up to the sale Mr. Tripp pointed out to her the boundaries of the land, and stated that:

"The property was a good place for a boarding house, there to keep summer guests, and you could get a good living there and have the use of the pond and the boating thereon, and that the boundaries took in a small portion of the pond."

But the deeds and the maps and the findings of the court show conclusively that the pond is located in the east half of great lot No. 80, and consequently no part of the same can be located within the boundaries of the lands deeded to Mrs. Wilsey, and the rule is well settled that all conversations and agreements leading up to the making of a deed are deemed merged in the written contract, and the boundaries cannot be extended by parol evidence as to what was said before the making of the deed.

[2] The court has found, at the request of the defendant, that the premises were deeded to Mrs. Wilsey, describes the premises, and in the description set forth no mention is made of the pond in any way, and the conclusion is irresistible that Mrs. Wilsey has no interest in the pond of any kind or character, and no use which she or her family or guests may have made of the pond has anything in it of the nature of adverse possession. They have merely trespassed upon the plaintiff's property at intervals, and continuing, intermittent trespasses, without the assertion of right, can give no rights to the trespasser. Mrs. Wilsey had no rights in the pond growing out of her deed, and she has not gained any such rights by the fact that she and other persons living in the vicinity of the pond have from time to time made use of the same for their own pleasure.

[3] It is true, of course, that where the owner of the land has, by artificial arrangement, effected an advantage for one portion to the burdening of another upon the severance of the ownership the holders of the two portions take them respectively charged with the servitude and entitled to the benefit openly and visibly attached at the time of conveyance (Winne v. Winne, 95 App. Div. 48, 50, 82 N. Y. Supp. 647, 88 N. Y. Supp. 625, and authorities there cited), but this rule has no bearing upon the question here presented for the reason that there is nothing artificial about the situation, and Mrs. Wilsey has all that her deed calls for and all that is necessary to the enjoyment of her rights as the owner of subdivision 2 of great lot No. 80.

[4] Mrs. Wilsey having no rights in the pond could convey none to her guest, and it is equally clear from the evidence that the Tennysons had no interest in the pond, with the exception of a very small portion at the southern end, and that interest did not operate to give the Tennysons or others rights in common with the plaintiff in the whole pond.

The judgment appealed from should be affirmed, with costs. All concur.