■ NELLIE FISHER, Respondent-Appellant, v. JACOB WYKERT et al., Appellants-Respondents.— In an action for injunctive relief to restrain an alleged violation of plaintiff's alleged riparian rights or, alternatively, for damages, the parties cross appeal from portions of a judgment of the Supreme Court, Nassau County, entered September 23, 1965 on the court's oral decision after a nonjury trial: 1. Defendants appeal from so much thereof as (1) directed the filing of plaintiff's Exhibit 6 with the papers in the action, (2) adjudged that the easterly boundary line of plaintiff's property is as shown in said exhibit, (3) adjudged that the question whether plaintiff has riparian rights "has not been shown and is not decided," and (4) dismissed the complaint without prejudice. 2. Plaintiff cross appeals, as limited by her brief, from so much of the judgment as (1) adjudged that the question whether plaintiff has riparian rights "has not been shown and is not decided," and (2) dismissed the complaint except as indicated by the directions with respect to filing of the exhibit and establishment of the boundary line. Judgment modified on the law and the facts (1) by striking out its third decretal paragraph, which provides that "the question of whether or not plaintiff has riparian rights [in the canal lying on the easterly boundary of her property] has not been shown and is not decided"; and (2) by striking out of its fourth decretal paragraph the words which qualify the dismissal of the complaint as "without prejudice" and by providing therein that the dismissal, insofar as directed, is on the merits. As so modified, judgment insofar as appealed from, affirmed, with costs to defendants. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The court had the power to determine the location of the easterly boundary of plaintiff's property, since such a determination is an essential prerequisite to the adjudication of plaintiff's claim of riparian rights. The evidence introduced by plaintiff was sufficient for this purpose. The theories on which plaintiff bases her claim of riparian rights are not supported by the evidence and it is not likely that evidence to support such arguments could be produced (*Fairchild* v. *Kraemer*, 11 A D 2d 232; *Wathley* v. *Rosen*, 19 A D 2d 755; *Tripp* v. *Richter*, 158 App. Div. 136). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of DOROTHY J. JOSEPHS, Appellant, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the City Rent and Rehabilitation Administrator, which denied decontrol of certain apartments in petitioner's building, petitioner appeals from a judgment (described in the notice of appeal as an "order") of the Supreme Court, Kings County, entered December 8, 1964, which denied the petition and dismissed the proceeding. Judgment affirmed, without costs. We agree with the Administrator's determination that the subject apartments were not additional housing accommodations created by conversion and, therefore, were not decontrolled (cf. *Matter of Vivana Realty Corp.* v. *Abrams*, 5 A D 2d 466, 470–471; *Matter of Knight* v. *Herman*, 18 A D 2d 809). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.