■ ANDREW W. ZALAY et al., Appellants, v HULETTS ISLAND VIEW MARINA & YACHT CLUB, INC., Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Mercure, J.), entered February 8, 1988 in Washington County, upon a decision of the court, without a jury, in favor of defendant.

Plaintiffs are owners since 1961 of a parcel of waterfront property on Lake George in Warren County. Plaintiffs' property is located on a small peninsula which extends into the lake. The eastern boundary of plaintiffs' property abuts Pickerel Bay; the northern boundary abuts the main body of Lake George. Plaintiffs maintain a private vacation residence on this parcel with a small boat dock located at the southeast corner of the property. Defendant, Huletts Island View Marina & Yacht Club, Inc.*, owns a parcel of waterfront land situated at the south end of Pickerel Bay and perpendicular to plaintiffs' eastern onshore boundary. Defendant operates a commercial marina for recreational boats on its property. In connection with the marina business, defendant maintains several docks which extend into Pickerel Bay. Defendant's dock No. 10, in particular, is a 48-foot floating dock which extends into the bay parallel to and approximately 21 feet from the eastern boundary of plaintiffs' property.

Plaintiffs commenced this action against defendant seeking injunctive and monetary relief based on theories of private nuisance and violation of plaintiffs' littoral rights. Plaintiffs also sought a declaration of the littoral rights of the parties. Following a nonjury trial, Supreme Court dismissed plaintiffs' first two causes of action and issued a declaration of the parties' littoral rights. This appeal by plaintiffs ensued.

On appeal, plaintiffs contend that Supreme Court erred in dismissing the causes of action for private nuisance and for interference with their littoral rights in the bay. In support of this contention, plaintiffs rely on testimony adduced at trial which indicates that they were subject to noise and fumes from the marina from early morning to late at night; that the water in the bay had been fouled by the heavy boat traffic;

---

* By an order dated November 7, 1988, this defendant was substituted for Mary Abbott, as the latter recently conveyed her property to the former.

that they could no longer swim on the east side of their property; and that unknown patrons of defendant harassed plaintiffs and looked in their eastern windows. Plaintiffs also sought to prove that boats moored at dock No. 10 resulted in such congestion of the 21-foot channel between the dock and the east side of their property where plaintiffs' three boats were moored that they were effectively denied access to navigable water. Defendant, on the other hand, introduced evidence that the marina's operation was reasonable and in conformance with all applicable statutes, regulations and ordinances. Defendant also presented witnesses who refuted plaintiffs' allegations concerning specific instances of harassment or objectionable practices at the marina. Based on the foregoing, we conclude that Supreme Court could properly find that plaintiffs had failed to sustain their claims that the marina constituted a private nuisance or unreasonably interfered with plaintiffs' rights to navigation or use of the waters of Lake George (see, 3 Warren's Weed, New York Real Property, Land Under Water, § 6.07 [3]; § 6.08 [4th ed]).

Plaintiffs also contend that Supreme Court erred in its declaration of the parties' littoral rights. We disagree. The general rule in this State for delineating the offshore boundaries of a landowner's littoral or reparian rights is to extend the lateral onshore boundaries of his property out into the navigable body of water, by lines which are perpendicular to the *general course* of the shoreline (see, Calkins v Hart, 219 NY 145; *People ex rel. Cornwall v Woodruff*, 30 App Div 43, *affd on opn below* 157 NY 709; 3 Warren's Weed, New York Real Property, Land Under Water, § 6.10 [2] [4th ed]). In applying this rule Supreme Court properly considered the peninsula and bay to be minor irregularities in the general course of the shoreline when it declared that the parties are "entitled to use of the waters lying north of their respective properties between extensions of the deeded easterly and westerly lines thereof into the body of Lake George". Accordingly, there should be an affirmance.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.