*977 OPINION OF THE COURT
Bernard F. McCaffrey, J.
Defendants’ application to dismiss plaintiffs’ complaint pursuant to CPLR 3211 is determined as hereinafter provided.
Defendant Fusco is the owner of real property situated in Nassau County, New York, known and described on the current county tax map as section 35, block 437, lot 73. The remaining defendants (contract vendees) have contracted to purchase the aforementioned lot from Fusco. A portion of the property to be transferred is a part of a dried up private freshwater lake formerly known as Trout Lake.
On or about May 23, 1990 plaintiffs, owners of lot 74, commenced the within action pursuant to RPAPL article 15 to compel a determination of the parties’ respective rights to the area previously encompassed by Trout Lake which defendants seek to convey. More precisely, plaintiffs seek to be declared fee simple owners of the Trout Lake area as designated on a 1928 subdivision map (the Birdhaven Map). Issue was joined by the contract vendees’ service of their answer on or about July 11, 1990. Fusco subsequently served and filed the instant motion seeking to dismiss plaintiff’s action because of documentary evidence (CPLR 3211 [a] [1]) and the failure to state a cause of action (CPLR 3211 [a] [7]). The contract vendees join in the present application and request that it be deemed a motion for summary judgment.
The common grantor to all parties is the late Jack H. Krown. More specifically, the area in question was part of a 1928 subdivision map entitled "Revised Map of Birdhaven Situate at Lakeview, Nassau County, N. Y.” filed in the Nassau County Clerk’s office on December 28, 1928 on map No. 2722. With the exception of the Trout Lake easterly shoreline, tax lots 73 and 74 constitute parcel "B” on the Birdhaven Map. On January 20, 1950 Krown acquired title to Trout Lake as it existed on the Birdhaven Map by two deeds from Dorothy Kistenberg dated February 16, 1957 and Alma Management, Inc. dated March 23, 1957.
Fusco’s chain of title consists of four deeds commencing with a deed from Krown to Sklar Door Corp. dated May 14, 1959 and concluding with a deed from the Hebrew Academy of Nassau County to Fusco dated January 14, 1988. The metes and bounds description on the May 14, 1959 deed and all subsequent deeds leading to Fusco describe the easterly line of the property as running "southeasterly, southerly and south *978 westerly along said shoreline to a point” (emphasis added). The 1959 shoreline was established by a February 25, 1959 survey prepared for Sklar Door Corp. A comparison of that survey and the 1928 Birdhaven Map indicates that the lake had already begun to recede as of that date. In contrast, plaintiffs were deeded title to lot 74 by Sophie Krown, as executrix of the estate of Jack H. Krown, on April 11, 1985. The metes and bounds description in that deed describes the property, which is known as lots 73 and 74, but specifies "excepting therefrom the following described premises in Liber 6538 cp 461.” The property specifically excepted is lot 73, previously conveyed from Krown to the Sklar Door Corp. The metes and bounds description also includes a reference to "the westerly shoreline of Trout Lake as the same existed on 2/19/ 59.” Significantly, the grant of property to Trout Lake is conditional stating, "with all right, title and interest, if any, of the seller in and to Trout Lake as shown on the Nassau County Land & Tax Map.” By 1985 all, or substantially all, of the lake had receded.
Moreover, schedule A to the Federal estate tax return filed in connection with the Krown estate describes lot 74 with no ownership claim to any interest in Trout Lake.
The intention of the grantor is generally manifested in the words of conveyance. There is, however, a strong presumption that land under the waters of small inland ponds belong to the owners of the adjourning lands and a grant of the land adjacent to a small lake conveys title to the center of the lake unless the presumption is negatived, expressly or by a description fairly excluding the bed of the lake from the land conveyed (White v Knickerbocker Ice Co., 254 NY 152).
The general rule is that title to the beds of small lakes and ponds passes into private ownership with a grant of the riparian land. If the grantor owns to the center of the water and the boundary as described in the conveyance touches the water or is along the water, the presumption is that the title carries to the center unless a contrary intention clearly applies (Stewart v Turney, 237 NY 117; Calkins v Hart, 219 NY 145, reh denied 219 NY 626 [1916]; see generally, 63 [rev vol] NY Jur, Waters, § 208; 1 NY Jur 2d, Adjoining Landowners, §81).
Therefore, since the specific descriptive language employed in both the 1959 deed from which Fusco’s interest devolves *979 and plaintiffs 1985 deed include the shoreline without an express reservation, the descriptions are plainly indicative of a donative intent to grant to the center of the lake. Confirmation that the estate recognized that the 1959 conveyance included an interest in Trout Lake exists in the conditional nature of the grant given to plaintiffs in 1985.
This principle applies irrespective of whether, as plaintiff contends, the 1959 survey incorrectly described the boundary of the lake. Where land fronting on a river or other body of water is conveyed by deed, the right to accretion already attached passes to the grantee even though not specifically mentioned, unless it is expressly excepted or reserved or has been previously conveyed (63 [rev vol] NY Jur, Waters, §§ 263-264; 78 Am Jur 2d, Waters, § 414). Thus, that conveyance extended to the point to which the lake bed then receded and not as it existed on the 1928 map. Where the location of the margin or bed of a stream or other body of water which constitutes the boundary of a tract of land is gradually and imperceptibly changed or shifted by accretion the margin or bed of the stream or body so changed remains the boundary line of the tract which is extended or restricted accordingly. The owner of riparian land thus acquires title to all additions or extensions thereto (ibid.).
Further, by deed dated January 5, 1971 Krown conveyed lots 1-7 appurtenant to the westerly side of the lake to Peter Amato and Pasquale CiBellis. The deed expressly conveyed "all right, title and interest, if any, of the party of the first part [Krown] in and to any streets and roads abutting the above described premises to the center line thereof; together with the appurtenances and all the estate and rights of the party of the first part to said premises.” Consequently, absent an express reservation by Krown, it would appear that Amato and CiBellis own the lake bed to lot 1 up to the westerly center line adjacent to plaintiffs’ easterly interest extending from lot 74.
Accordingly, issue having been joined and there being no factual issues precluding determination, defendants’ application to dismiss is hereby deemed an application for summary judgment pursuant to CPLR 3212 and is in all respects granted.