■ ROBERT L. RAY et al., Respondents, v BEACON HUDSON MOUNTAIN CORPORATION, Appellant, et al., Defendant. [620 NYS2d 128] —In an action, inter alia, pursuant to RPAPL article 15, for a determination of the plaintiffs' claim to certain real property by adverse possession, the defendant Beacon Hudson Mountain Corporation appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered June 9, 1992, which, after a nonjury trial, declared them to be the owners of the subject property.

Ordered that the judgment is reversed, on the law, with costs, judgment is granted in favor of the appellant and against the plaintiffs, and it is declared that the plaintiffs have no right, title, or interest in the real property which is the subject of the action.

When title by adverse possession is sought to be established, the requirement of continuity of possession is generally held to be satisfied as regards activities which are seasonal in

character by use of the land commensurate with and appropriate to existing seasonal uses, needs, requirements, and limitations, having regard for the location and adaptability of the land to such uses *(Beutler v Maynard,* 80 AD2d 982; *Sackett v O'Brien,* 43 Misc 2d 476, *mod on other grounds* 27 AD2d 979, *affd* 23 NY2d 883; *Brant Lake Shores v Barton,* 61 Misc 2d 902).* Therefore, possession of a summer cottage during the summer months will meet the requirement of continuous possession, since the seasonal use is that for which the property was intended, although not constant. However, even a seasonal use must be sufficient to give the owner notice of the adverse claim. Thus, regular summertime use of the cottage property would be sufficient, but irregular or infrequent summertime use would not be regarded as continuous *(Beutler v Maynard, supra).* Further, under this concept, regular use of a summer cottage during the off season would not lead to adverse possession, because such use would not be sufficient to put the record owner on notice no matter how much time a plaintiff spent on the premises during the off season (1 Warren's Weed, New York Real Property, Adverse Possession, § 5.05 [4th ed]).

In the present case, while the plaintiffs assert that they went to the property every year, their use was erratic and their presence for only one month in an approximately four-month season is insufficient to support a claim of adverse possession. The plaintiff Robert Ray admitted that the season ran from Memorial Day until Columbus Day, but the majority of the plaintiffs' visits were only for one month. Likewise, while the Rays note that they had a telephone listing and electricity, and were registered to vote in the region, their possession must be actual rather than constructive. Therefore, their associations with the community are irrelevant if they do not stay on the premises for a sufficient period of time for their possession to constitute a continuous actual possession of the property.

The requirement that the possession be continuous for a period of time exists so that the true owner can have an opportunity to discover that a hostile claim is asserted *(Beutler v Maynard, supra; Jansen v Sawling,* 37 AD2d 635). Here, the property is remote and, by the plaintiffs' own admission, the only useable cabin in that area. Therefore, unless the owner of the property makes frequent inspections to this remote and isolated cabin, Beacon Hudson Mountain Corporation would not have had an opportunity to confront and eject the Rays.

While the plaintiffs' use did occur over an extended period of time, their use does not qualify as continuous and therefore they do not satisfy the requirements to establish title by adverse possession. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.